# Karchner, Appellant, *v.* Pennsylvania Railroad Company.

*Waters—Extraordinary flood—Negligence—Railroads.*

In an action against a railroad company to recover damages for the flooding of land alleged to have been caused by the damming up or diversion of a stream, the court commits no error in giving binding instructions for the defendant where the evidence tends to show that the injury was caused by such an extraordinary flood, that the result would have been the same even if the alleged concurrent acts of negligence had not been committed by the defendant.

Argued April 16, 1907.    Appeal, No. 199, Jan. T., 1906, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 1,101, on verdict for defendant in case of Lloyd Karchner *v.* Pennsylvania Railroad Company.    Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for injuries to plaintiff's land. Before FERRIS, J.

At the trial it appeared that plaintiff's land was situated along the Nescopeck creek, and that the floods which did the injury occurred in December of 1901 and February and March of 1902.   The evidence showed that these floods were of an extraordinary character, and that nothing like them had taken place for many years.    The plaintiff claimed that the defendant company had placed various materials in the creek which obstructed its flow, and that these obstructions, in connection with the floods, caused the injuries for which suit was brought.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John T. Lenahan,* with him *P. L. Drum* and *E. A. Lynch,* for appellant.

*John McGahren,* with him *H. W. Palmer* and *P. A. O'Boyle,* for appellee.

PER CURIAM, May 20, 1907:

In charging the jury the learned judge said ". . . . the

question here is, was the defendant, within six years prior to the injury, guilty of any negligence which was the producing cause of the injuries complained of, either solely or in connection with, and so operating together with, the flood of 1901 or 1902, as the case may be? The rule of law in that connection is, that if the sole cause of the injury was an extraordinary flood the defendant company is not liable, and it can be held liable only in case some negligent conduct on its part, the natural consequences of which might have been and should have been foreseen, concurred with the flood in producing the loss. In other words, it must be shown that such negligent conduct, if there was any, as has been by the evidence shown to have been committed by this defendant within six years, was in itself, together with the floods, a producing cause of the injuries sustained by the plaintiff. If the flood was so great as of itself to produce the injury independently of the negligence shown, if any has been shown, then the defendant cannot be held responsible. If the flood would have done the damage anyhow, without regard to anything the defendant is shown to have done or failed to do within the six years, then the act or omission of the defendant cannot be said to be the cause of the injury so as to entitle the plaintiff to recover against it. The negligence which, coupled with the act of God, produces the injury must be such as to be in itself a producing cause in concurrence with the flood." And then after reviewing and illustrating the evidence and its application to the case, "We do not think the evidence was such that it would support an inference that there was such an obstruction of the stream that the defendant was bound to know or ought to know or anticipate would bring about the loss to the plaintiff or contribute to it as that loss is testified to here."

This was a correct exposition of the law, and a review of the evidence sustains the judge in holding it insufficient to warrant submission to the jury. The testimony in behalf of the plaintiff as well as of defendant established that the flood was extraordinary and leads to the conviction that it would have done the damage complained of, without any regard to the acts of the defendant.

Judgment affirmed.